# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Respondent Below, Respondent**

**vs.)  No. 17-0632** (Wood County 15-P-136)

**Phillip Andrew Baughman Jr.,**
**Petitioner Below, Petitioner**

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Phillip Andrew Baughman Jr., by counsel Travis Sayre, appeals the Circuit Court of Wood County's June 28, 2017, order denying his petition for writ of error coram nobis. The State of West Virginia, by counsel Robert L. Hogan, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in applying an inapplicable version of the supervised release statute and in concluding that he received effective assistance of counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 12, 2006, petitioner was indicted for three counts of third-degree sexual assault. Following several rejected plea agreements, the circuit court approved a plea agreement providing that petitioner would plead guilty to one count of third-degree sexual assault and enter an *Alford* plea to one count of third-degree sexual assault.[1] The State agreed to dismiss the third charge. The parties further agreed that petitioner would be committed to the Anthony Correctional Center ("Anthony Center") for completion of its Youthful Offender Program. On June 7, 2007, consistent with the plea agreement, the circuit court suspended imposition of petitioner's sentence and committed him to the Anthony Center.

Petitioner successfully completed the Anthony Center's requirements on February 12,

---

[1]*See North Carolina v. Alford*, 400 U.S. 25 (1970) (permitting a defendant to enter a guilty plea without admitting guilt).

2009, and appeared before the circuit court on March 4, 2009, for sentencing.[2] The circuit court sentenced petitioner to consecutive one- to five-year terms of incarceration for each third-degree sexual assault conviction. The court then suspended these sentences, placed petitioner on probation for two years, and ordered that a fifteen-year period of supervised release be imposed following the expiration of petitioner's probation. Petitioner did not appeal the sentencing order.

Petitioner's probationary period expired on September 14, 2011, and his fifteen years of supervised release began. On February 17, 2012, the State filed the first petition to revoke petitioner's supervised release, alleging that he failed to notify his probation officer of multiple sexual relationships, including one with a woman who had children under the age of eighteen. Petitioner admitted to these allegations, and, on April 3, 2012, the circuit court sentenced him to not less than twelve months of incarceration. The circuit court also ordered that petitioner's supervised release resume upon his release from incarceration.

The State filed a second petition to revoke petitioner's supervised release on March 31, 2014. The petition alleged numerous violations of the terms and conditions of petitioner's supervised release, including, among others, failing to provide his probation officer with a current list of computer equipment used, engaging in a sexual relationship with a woman who has children under the age of eighteen, engaging in such relationships without notifying his probation officer, and lying to his probation officer. At the May 27, 2014, final hearing on this second revocation petition, petitioner announced to the circuit court that he and the State had reached an agreement whereby he would admit to the allegations contained within the petition, agree to be sentenced to five years of incarceration, and agree to a fifteen-year extension of his supervised release. On June 23, 2014, the circuit court sentenced petitioner in accordance with the parties' agreement, including extending petitioner's supervised release to a total thirty-year term.

On November 4, 2015, petitioner, pro se, filed a petition for writ of habeas corpus. Later, by counsel, petitioner filed an amended petition. During the pendency of his habeas petition, petitioner was released from incarceration; accordingly, his habeas petition was converted into a petition for writ of error coram nobis.[3] In his petition, petitioner argued that his supervised

---

[2]West Virginia Code § 25-4-6 provides that

> [a] young adult offender shall be returned to the jurisdiction of the court which originally committed the offender when, in the opinion of the warden, the young adult offender has satisfactorily completed the center training program. The offender is then eligible for probation for the offense the offender was convicted of or plead guilty to and the judge of the court shall immediately place the offender on probation.

[3]*See Cline v. Mirandy*, 234 W.Va. 427, 765 S.E.2d 583 (2014) ("[A]n inmate who has been released from incarceration and placed on parole is no longer 'incarcerated under sentence of imprisonment' for purposes of seeking habeas corpus relief[.]"). See also *State v. Hutton*, 235

(continued . . . )

release term should be governed by the 2003 version of the supervised release statute, as that was the version in effect at the time he was originally sentenced. Petitioner also argued that he received ineffective assistance of counsel at the time he entered his plea because he was unaware that he could be subjected to supervised release.

After holding multiple hearings on these issues, the circuit court denied petitioner coram nobis relief. The court found that the 2003 version of the supervised release statute was in effect at the time petitioner committed the offenses of which he was convicted, and the supervised release term imposed upon petitioner complied with that version. By separate order, the circuit court further found that petitioner failed to demonstrate ignorance of the applicability of supervised release, particularly because he failed to appeal his initial sentence, did not raise the issue at any time during his first supervised release revocation proceeding, and not only failed to raise the issue during his second revocation proceeding, but also agreed to an extension of it. These findings were memorialized in the circuit court's June 28, 2017, order, and it is from this order that petitioner appeals.

In considering an order denying coram nobis relief, "[w]e review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." *State v. Hutton*, 239 W.Va. 853, 857, 806 S.E.2d 777, 781 (2017) (citations omitted). Additionally,

> [a] claim of legal error may be brought in a petition for a writ of error coram nobis only in extraordinary circumstances and if the petitioner shows that (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) there exists a substantial adverse consequence from the conviction; and (4) the error presents a denial of a fundamental constitutional right.

*Id.* at 855, 806 S.E.2d at 780, Syl. Pt. 2 (citation omitted). "[F]ailure to establish any of the above elements will defeat a petition for coram nobis relief." *Id.* at 858, 806 S.E.2d at 782 (citation omitted).

In petitioner's first assignment of error, he states that he "would like the Court to make a ruling regarding the amount of time that he may be incarcerated for infractions of his supervised release." Petitioner submits that he has served five years of incarceration for violations of his supervised release, but he "is [of] the opinion . . . that he can only be incarcerated for a total of ten years due to violations of his supervised release." Petitioner argues that his "punishments should fall under the 2003 version" of the supervised release statute, West Virginia Code § 62-12-26, and that that version should "direct how his supervised release should be handled in the future." Specifically, petitioner directs this Court to the statute's provision that "no person may serve a period of incarceration for a violation of supervised release which exceeds the maximum

W.Va. 724, 776 S.E.2d 621 (2015), for an overview of the writ of error coram nobis in West Virginia.

statutory period of confinement for the offense of conviction underlying the period of supervised release." *Id.* at § 62-12-26(e)(3) (2003).

We begin by noting that the circuit court found that the sentences imposed following petitioner's supervised release revocations "complied with the statutory provisions in effect at the time his offenses were committed[,]" that is, the 2003 version of the supervised release statute. Because the circuit court clearly applied the 2003 version, petitioner's argument that his "punishment[] should fall under the 2003 version" is without merit. To the extent petitioner now seeks a ruling on the legality of a future prison sentence that exceeds ten years for violations of his supervised release, such a sentence has not been imposed. It is well-established that "[t]his Court will not decide abstract issues where there is no controversy." *State v. Whittaker*, 221 W.Va. 117, 650 S.E.2d 216 (2007). "Courts are not constituted for the purpose of making advisory decrees or resolving academic disputes." *Id.* at 122, 650 S.E.2d at 221, Syl. Pt. 11 (internal quotations and citations omitted). Accordingly, we decline to address this issue.

Petitioner's last assignment of error concerns his counsel's representation at the time he entered his pleas. Petitioner argues that he received ineffective assistance because he was not advised that a term of supervised release could be imposed. Petitioner contends that he would have proceeded to trial had he known he would be subjected to supervised release. Petitioner also argues that there is no "written record" establishing that he was informed that he would be subject to supervised release.

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). A claim may be disposed of for failure to meet either prong of the test. Syl. Pt. 5, in part, *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995). "Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *State ex rel. Vernatter v. Warden, W.Va. Penitentiary*, 207 W.Va. 11, 17, 528 S.E.2d 207, 213 (1999) (citation omitted).

We find no abuse of discretion in the circuit court's conclusion that petitioner was aware of the possibility that supervised release could be imposed. Petitioner's trial counsel testified during the omnibus evidentiary hearing that he discussed with petitioner the possibility of a term of supervised release. Moreover, petitioner never objected to the imposition of supervised release following his completion of the Anthony Center's Youthful Offender Program, at the time of his first revocation proceeding, or at the time of his second revocation proceeding. Indeed, at the second revocation proceeding, petitioner agreed to a fifteen-year extension of supervised release

as part of a plea agreement with the State.[4] Accordingly, we find no error in the circuit court's denial of petitioner's ineffective assistance claim.

For the foregoing reasons, we affirm the circuit court's June 28, 2017, order denying petitioner's petition for writ of error coram nobis.

Affirmed.

**ISSUED:** October 12, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating

---

[4]These same facts also support the conclusion that petitioner's petition for coram nobis relief was properly denied due to his failure to attack his conviction earlier or provide a reason for such failure. Failure to establish a valid reason for failing to challenge the conviction earlier will defeat a petition for writ of error coram nobis. *State v. Hutton*, 239 W.Va. 724, 858, 806 S.E.2d 621, 782. Given the two prior revocation proceedings, petitioner was clearly aware of his supervised release, but he provides no justification for failing to challenge it at either juncture.